# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| City Boxing Club, a nonprofit corporation; City Athletic Boxing LLC, a limited-liability company; Armin Van Damme, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>USA Boxing, Inc. dba USA Boxing, a nonprofit corporation; Scottsdale Insurance Company, a corporation; Nationwide Mutual Insurance Company dba Nationwide E&S, a corporation; K&K Insurance Group, Inc., a corporation; Michael McAtee, an individual; et al.,<br><br>Defendants. | Case No. 2:23-cv-00708-JAD-DJA<br><br>**Order** |

Before the Court is Plaintiffs' motion to amend their complaint. (ECF No. 42). The only parties that responded are K&K Insurance Group, Inc. and Scottsdale Insurance Company. (ECF No. 43). K&K and Scottsdale assert that they do not oppose the amendment, but ask that the Court impose certain conditions on it. Plaintiffs agree to certain of the conditions, but oppose others. Because the parties agree on the amendment, the Court grants Plaintiffs' motion to amend and imposes certain of the conditions to which the parties agree.

**I.    Legal Standard.**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that courts should apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## II. Discussion.

Plaintiffs seek to amend their complaint now that the parties have engaged in discovery. (ECF No. 42 at 4). Plaintiffs seek to remove certain Defendants, remove a cause of action, add a party, add and revise certain factual allegations, and add certain causes of action. (*Id.*). K&K and Scottsdale do not oppose the amendment, but ask that the Court impose conditions on Plaintiffs if it allows them to amend their complaint. (ECF No. 43 at 2). K&K and Scottsdale propose the following conditions:

- As far as filing responses to the SAC goes:

    ▪ K&K and Scottsdale should be permitted to file answers to the SAC that assert general denials of the SAC's allegations in lieu of requiring K&K and Scottsdale to undertake the laborious effort of drafting answers that specifically admit or deny of each of the extraordinary number of factual allegations set forth in the 369 paragraphs of the SAC pursuant to the requirements of Rule 8(b); or

    ▪ K&K and Scottsdale should be given 45 days from the date the proposed SAC is filed to file responses to the proposed SAC and Plaintiffs should be required to reimburse K&K and Scottsdale for the reasonable attorneys' fees they will have to incur to draft answers that specifically admit or deny each of the factual allegations set forth in the 369 paragraphs of the SAC.

- All existing dates/deadlines in the case schedule [see Doc. 40] will be continued by at least 120 days to accommodate the fact that the SAC brings an entirely new defendant into the case.

- Scottsdale will be permitted to serve Plaintiffs with up to a total of 40 interrogatories to obtain discovery on any of the allegations in the SAC. (This is necessary because, as of today, Scottsdale has already used 24 of the 25 total interrogatories allowed by Rule 33[])[.]

- K&K and Scottsdale will have an opportunity to take another deposition of Plaintiffs Armin Van Damme and/or City Boxing Club if either defendant deems it necessary to do so in light of the new factual allegations set forth in the proposed SAC.

- Scottsdale will be allowed to exceed the 30-page limit for summary judgment motions by 5 pages, thus increasing the page limit to 35 total pages (not including the caption page and any tables of contents

> or authorities). This is necessary in light of fact that the proposed SAC increases the number of causes of action alleged against Scottsdale from seven to eight, and substantially increases the number of factual allegations in the operative pleading from 151 paragraphs to 369 paragraphs.

(ECF No. 43 at 3-4).

Plaintiffs explain in reply that they are agreeable to certain of the conditions, but do not agree to two. (ECF No. 44)  First, Plaintiffs do not agree either that K&K and Scottsdale should be allowed to either generally deny the second amended complaint allegations or that Plaintiffs bear K&K and Scottsdale's attorney fees for answering the second amended complaint.  Second, Plaintiffs do not agree that K&K and Scottsdale should be permitted to depose Armin Van Damme and/or City Boxing Club again.

### A. *General denials or attorneys' fees.*

The Ninth Circuit has held that "a district court, in its discretion, may impose costs pursuant to Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) (citing *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275, (9th Cir. 1965) and *Local 783, Allied Industrial Workers of America v. General Electric Co.*, 471 F.2d 751, 756 (6th Cir. 1973)).  K&K and Scottsdale argue that the Court should either allow them to generally deny the allegations in the complaint or to allow them to recuperate their attorneys' fees expended in admitting or denying each claim because of the length of Plaintiffs' proposed amendment.  Plaintiffs argue that, although its complaint is long, that does not justify imposing attorneys' fees or allowing K&K to make general denials.

Plaintiffs have the better argument.  K&K and Scottsdale do not argue that the original complaint was faulty such that costs are justified.  Nor do they assert that Plaintiffs are acting in bad faith by amending their complaint.  Their qualm instead rests with the work their attorneys must do in responding to the amended complaint.  But this is a common feature of litigation and is not unique to this case such that Plaintiffs should be required to bear the costs K&K and Scottsdale may incur in responding to the amended complaint.  Additionally, K&K and Scottsdale

have not provided any authority for their request that the Court allow them to generally deny the allegations in the complaint. The Court declines to impose this condition or the condition that K&K and Scottsdale generally deny the allegations in the complaint. However, because Plaintiffs do not oppose it, the Court will permit K&K and Scottsdale forty-five days to file their responsive pleading.

### B.  Re-deposing Van Damme and/or City Boxing Club.

Under Federal Rule of Civil Procedure 30(a)(2)(A)(ii), a party must seek leave of court to depose a "deponent [who] has already been deposed in the case." K&K and Scottsdale ask that the Court grant them the ability to take another deposition of Van Damme and/or City Boxing Club "if either defendant deems it necessary to do so in light of the new factual allegations set forth in the proposed SAC." (ECF No. 43 at 7). Plaintiffs argue that K&K and Scottsdale have not made a sufficient showing for the Court to grant them leave to re-take the depositions of either Van Damme or City Boxing Club. Plaintiffs add that, if K&K and Scottsdale later find the need to take these depositions again, it is likely that the parties could stipulate to the deposition given their good working relationship.

The Court finds Plaintiffs to have the better argument. The Court is not inclined to issue an advisory opinion regarding depositions that might become necessary at a later date. The Court thus declines to impose this condition.

### C.  Page limit extensions.

While the parties do not dispute it, the Court declines to impose the condition that Scottsdale exceed the page limit in its summary judgment motion. First, Scottsdale's request would require the Court to make an advisory opinion about the propriety of an extension under Local Rule 7-3 without any specific argument regarding why that page limit is necessary. *See* LR 7-3(c) ("[a] motion to file a brief that exceeds these page limits will be granted only upon a showing of good cause" and that motion "must be accompanied by a declaration stating in detail the reasons for, and number of, additional pages requested."). Second, the undersigned magistrate judge may not finally determine motions for summary judgment and may only issue findings and recommendations to the assigned district judge if a motion for summary judgment is

referred. *See* 28 U.S.C. § 636(b)(1)(A), (B). The undersigned is not inclined to decide the page limits of a motion that may not even be before him and declines to impose this condition.

### D. Extension of deadlines.

The Court declines to impose the condition that all case deadlines be extended by 120 days because the parties have already agreed to, and the Court has granted, a stipulation to extend time. (ECF No. 46). The Court finds that the already-granted 120 day extension moots this condition.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to amend (ECF No. 42) is **granted**. Plaintiff shall file and serve its amended complaint as required under Local Rule 15-1.

**IT IS FURTHER ORDERED** that Scottsdale is permitted to serve Plaintiffs with up to a total of forty interrogatories.

**IT IS FURTHER ORDERED** that K&K and Scottsdale's responsive pleading shall be due forty-five days after they are served with the amended complaint.

DATED: June 21, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE