CHRISTINE M. EMANUELSON (SBN 10143)
cemanuelson@lawhhp.com
NICOLE M. HAMPTON (SBN 16090)
nhampton@lawhhp.com
BRIAN PELANDA
Pro Hac Vice, California Bar No. 278453
bpelanda@lawhhp.com
**HINES HAMPTON PELANDA LLP**
400 South 4th Street
Las Vegas, Nevada 89101
Tel.:   (702) 933-7829
Fax:   (702) 947-1709

Attorneys for Defendants Scottsdale Ins. Co. and K&K Ins. Group

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CITY BOXING CLUB, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> USA BOXING, INC. dba USA BOXING, *et al.*, <br><br> Defendants. | Case No.:  2:23-cv-00708-JAD-DJA <br><br> **STIPULATION AND ORDER TO MODIFY THE SCHEDULING ORDER AND SET BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS** <br><br> **(Seventh Request to Modify)** |

The present deadline for the parties to file dispositive motions in this case is July 20, 2025. [See Doc. 79, p. 12.]

Plaintiffs City Boxing Club and Armin Van Damme ("Plaintiffs"), and Defendants USA Boxing, Inc., Scottsdale Insurance Company, and K&K Insurance Group, Inc. ("Defendants") (collectively the "Parties") hereby stipulate, and respectfully ask the Court to modify the Scheduling Order to extend the deadline to file dispositive motions and set an agreed-upon briefing schedule for such motions.

This is the seventh request that the parties have submitted to modify the Scheduling Order. However, this request does <u>not</u> ask the Court to extend any discovery deadlines. This request pertains solely to the deadlines for filing and opposing dispositive motions.

I.     **INTRODUCTION.**

This is a complex case that involves multiple parties, twelve causes of action, and several affirmative defenses by different defendants. Multiple parties intend to file dispositive motions.

Counsel for the parties have recently conferred at length and have agreed to work together to try and create a joint appendix of exhibits to reduce the amount of paperwork that will need to be submitted to the Court with respect to the anticipated dispositive motions. Counsel for the parties have further conferred over the timing for briefing the moving papers, response papers, and reply papers for the anticipated dispositive motions, and we agree: (1) that good cause exists to continue the existing deadline to file dispositive motions for several reasons outlined herein; and (2) that the Court should enter an agreed-upon custom briefing schedule to accommodate the number of motions that will be filed and opposed.

II.    **THE ANTICIPATED MOTIONS.**

   A.    **The Number of Anticipated Motions and the Problem with the Default Briefing Schedule Under LR 7-2.**

All three of the Defendants intend to file separate dispositive motions. If all three Defendants file dispositive motions, under LR 7-2 Plaintiffs' counsel will have to simultaneously respond to and oppose all three different motions within 21 days. Counsel for the parties have conferred over that time frame and agree that Plaintiffs will need additional time to respond to all three anticipated motions.

Likewise, the default timing for filing any reply briefing under LR 7-2 would leave Scottsdale and K&K's counsel only 14 days to file two separate sets of reply briefing. Counsel for the parties have conferred and agree that if we extend the timing for Plaintiffs to respond to the dispositive motions that we should likewise extend the timing for filing reply briefing.

   B.    **The Anticipated Exhibits.**

Upwards of 10,000 pages of documents have been produced during the course of discovery in this case by the parties and non-party witnesses.

Counsel for the parties have conferred and agree that there are many documents that all parties in this case intend to use either in support of, or in opposition to, the anticipated dispositive

motions. Thus, we have agreed to work together to try and prepare a joint appendix of exhibits to jointly file along with the dispositive motions to reduce, and potentially eliminate, any duplicative exhibits. Our hope is to ease the burden on the Court and to simplify the briefing.

### C.     Our Proposed Briefing Schedule.

In light of the forgoing, the parties propose the following briefing schedule for dispositive motions:

| | |
|---|---|
| Deadline for Parties to File Dispositive Motions | 10/06/25 |
| Deadline to file Briefing in Response to Dispositive Motions | 12/02/25 |
| Deadline to file Reply Briefing in Support of Dispositive Motions | 01/06/26 |

## III.    REASONS WHY GOOD CAUSE EXISTS TO CONTINUE THE EXISTING DEADLINE TO FILE DISPOSITIVE MOTIONS.

The parties contend that there are several factors that establish good cause to continue the existing July 20th deadline to file dispositive motions to October 6, 2025.

### A.    Two Relevant Motions Remain Pending Before the Court.

As of the date of this submission, there are two motions pending before the Court that are relevant to the anticipated dispositive motions.

The first is the motion that Scottsdale and K&K filed on 04/23/25 for leave to amend their respective answers to assert a new affirmative defense, which USA Boxing joined. [See Doc. 80 and Doc. 83.] Plaintiffs opposed that motion, and the motion remains pending before the Court.

The second is the motion to compel production and a witness deposition (i.e., of Lisa Lampkin) that Plaintiffs filed against Scottsdale and K&K on 06/19/25. [See Doc. 87.] Scottsdale and K&K intend to oppose that motion.

The parties have conferred and agree that we would like to have both of these motions resolved *before* any dispositive motions must be filed because the outcome of those pending motions could potentially impact the briefing both in support of, and in opposition to, the anticipated dispositive motions.

**B.   There are Two Additional Depositions that the Parties have Requested and Not Yet Completed that Are Relevant to the Anticipated Dispositive Motions.**

On 06/17/25, the parties filed a stipulation for an order regarding the completion of certain depositions that remains pending before the Court. [See Doc. 86.] The first of those depositions is the deposition of David Churchill, which no party has objected to. We simply have not been able to complete Mr. Churchill's deposition due to scheduling difficulties, as outlined in our prior submission. The second of those depositions is the deposition of Daniel Price, which Plaintiffs have objected to. Our June 17th submission requested an informal discovery conference with the Court to discuss that deposition and the objections thereto.

All three Defendants would like to resolve the issues over those two depositions before having to file dispositive motions because those depositions could materially impact those motions.

**C.   The Parties Have Agreed to Try and Jointly Prepare an Appendix of Exhibits to Reduce the Burden on the Court.**

As explained above, this is a very complex case that will involve numerous exhibits both in support of, and in opposition to, the anticipated dispositive motions. In an attempt to simplify the briefing and reduce the burden on the Court, counsel for the parties have agreed to try and prepare a joint appendix of exhibits to utilize for the dispositive motion briefing. The parties are in the process of working on this now, and we need some additional time to confer with each other and our respective clients before we will be able to reach any final agreement on any sort of joint appendix of exhibits.

If the Court allows us this additional time to file dispositive motions, we anticipate that we will be able to significantly reduce the burden on the Court (as well as on the parties ourselves) with respect to the amount of exhibits that we file with the dispositive motion briefing.

**IV.   PROPOSED ORDER.**

In light of the forgoing, the parties request that the Court amend the Scheduling order and set an agreed-upon briefing schedule for dispositive motions as follows:

| Scheduling Order | | |
|---|---|---|
| | **Current Deadline** | **Proposed Deadline** |
| Initial Expert Disclosures | February 3, 2025 | Passed. |
| Amend Pleadings and Add Parties | June 7, 2024 | Passed. |
| Rebuttal Expert Disclosures | March 5, 2025 | Passed. |
| Discovery Cutoff | June 18, 2025 | Passed |
| Dispositive Motions | July 20, 2025 | October 6, 2025 |
| Joint Proposed Pretrial Order | August 18, 2025 (or 30 days after resolution of dispositive motions) | November 6, 2025. (or 30 days after resolution of dispositive motions. |

| Dispositive Motion Briefing Schedule | |
|---|---|
| Deadline for Parties to File Dispositive Motions | October 6, 2025 |
| Deadline to file Briefing in Response to Dispositive Motions | December 2, 2025 |
| Deadline to file Reply Briefing in Support of Dispositive Motions | January 6, 2025 |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 6, 2025.

/s/ Daniel Price_____
Daniel R. Price, Esq.
Christopher Beckstrom, Esq.
Janice Parker, Esq.
Jasmin Stewart, Esq.
PRICE & BECKSTROM
1404 S. Jones Blvd.
Las Vegas, Nevada 89146
*Attorneys for Plaintiffs*

Dated: July 6, 2025.

/s/_____.
*W*ing Yan Wong, Esq.
Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

Stephen A. Hess, Esq.
Law Office of Stephen A. Hess, P.C.
111 South Tejon, Suite 102
Colorado Springs, CO. 80903
*Attorneys for USA Boxing, Inc.*

Dated: July 6, 2025.

<u>/s/ Brian Pelanda</u>
Christine M. Emanuelson, Esq.
Nicole Hampton, Esq.
Brian L. Pelanda, Esq.
Hines Hampton Pelanda LLP
400 South 4th Street
Las Vegas, NV 89101
*Attorneys for Scottsdale Insurance Company, and K&K Insurance Group*

IT IS SO ORDERED.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

7/7/2025

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted below under the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 6, 2025.

/s/ *Brian Pelanda*
Brian Pelanda

**Electronic Mail Notice List**

Daniel Price, Esq. (daniel@pricebeckstromlaw.com)

Christopher Beckstrom, Esq. (chris@pricebeckstromlaw.com)

Wing Yan Wong (wwong@grsm.com)

Stephen Hess (stephen@stephenahess.com)