UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| City Boxing Club, a nonprofit corporation; Armin Van Damme, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>USA Boxing, Inc. dba USA Boxing, a nonprofit corporation; Scottsdale Insurance Company, a corporation; K&K Insurance Group, Inc., a corporation; et al.,<br><br>Defendants. | Case No. 2:23-cv-00708-JAD-DJA<br><br>**Order** |

This is an insurance dispute arising out of a catastrophic injury at a boxing gym. Plaintiffs City Boxing Club and Armin Van Damme sue Defendants USA Boxing, Inc.; Scottsdale Insurance Company ("Scottsdale"); K&K Insurance Group, Inc. ("K&K"); and various Roe entities, claiming that the Defendants wrongly denied Plaintiffs' insurance claims brought after the boxing injury and wrongly denied Plaintiffs legal assistance defending against state-court litigation brought by the injured parties. (ECF No. 48). Defendants Scottsdale and K&K move for leave to amend their answer, arguing that new information revealed during discovery gives them good cause to add a collusion affirmative defense. (ECF No. 80). In the interests of justice, and because Defendants Scottsdale and K&K show good cause, the Court grants the motion.

**I.    Background.**

*A.    Factual background.*

This case involves a complicated factual history going back over four years. On January 21, 2021, a man named Chris Metzger was catastrophically injured during a sparring session at Plaintiff City Boxing Club's facilities. (ECF No. 48 at 2). Plaintiffs allege, and Defendants deny, that Plaintiffs held insurance policies from Defendants at the time of the incident which covered

the sparring sessions, and therefore entitled Plaintiffs to legal defense and indemnification from litigation arising out of the incident. (*Id.* at 3). These disputes are at the heart of the lawsuit before this Court.

Following the boxing injury, Defendants denied Plaintiffs insurance coverage. (*Id.* at 25). Litigation ensued, with Metzger and his family members filing two lawsuits (the "Metzger Suits") in Nevada state court against the Plaintiffs in this case: City Boxing Club and Armin Van Damme (the manager and operator of the boxing gym). (*Id.* at 29-30). The Metzger parties filed the first such suit on April 26, 2022, and the second on January 18, 2023. (*Id.*). Plaintiffs here filed this action (the "Insurance Suit") in Nevada state court on February 9, 2023, and Defendants subsequently removed to this Court on May 5, 2023. (ECF No. 1).

The Metzger parties and Plaintiffs reached a settlement agreement regarding the Metzger Suits on August 31, 2023. (ECF No. 84 at 5). This agreement includes a covenant that the Metzger parties would not collect on any judgment from the Metzger Suits until after the Insurance Suit has been resolved. (ECF No. 73-4). It also assigns any future proceeds from the Insurance Suit to both Plaintiffs and the Metzger parties. (*Id.*). On October 26, 2023, and March 7, 2024, the Nevada state court entered two default judgments in the Metzger Suits against Plaintiffs totaling $76,396,028.64. (ECF No. 84 at 5).

### B. Procedural background.

The parties to this Insurance Suit stipulated, and the Court so ordered, a discovery schedule setting June 7, 2024, as the deadline to amend pleadings and add parties to this case. (ECF Nos. 40, 46). On May 9, 2024, Plaintiffs moved for leave to amend their complaint, which motion the Court granted on June 21, 2024. (ECF Nos. 42, 47). Plaintiffs filed their second amended complaint on June 24, 2024. (ECF No. 48). Defendants timely filed their answers, which they now seek leave to amend, on August 8, 2024. (ECF Nos. 59, 60).

During discovery in this Insurance Suit, Defendants served Plaintiffs with a request to produce copies of all communication between Plaintiffs' counsel and counsel for the Metzger parties. (ECF No. 67 at 2). Defendants made this request after Defendants learned of the settlement agreement between Plaintiffs and the Metzger parties and the default judgments

entered in the Metzger Suits. (*Id.*). Plaintiffs objected to this request on both relevance and proportionality grounds. (ECF No. 73). Defendants moved to compel production. (ECF No. 67). This Court held a hearing on the motion on February 19, 2025, during which hearing this Court granted Defendants' motion to compel. (ECF No. 76). Plaintiffs produced the compelled discovery on February 21, 2025. (ECF No. 80 at 12). On the same date, Plaintiffs disclosed a transcript of the default judgment hearings from the Metzger Suits. (*Id.*). Defendants brought this motion on April 23, 2025, arguing that Defendants should be able to amend their answer to include a collusion affirmative defense given the information in Plaintiffs' February 21 disclosures, which disclosures Defendants contend show that Plaintiffs and the Metzger parties entered into the settlement agreement fraudulently. (ECF No. 80).

## II.     Legal standard to amend.

The Federal Rules of Civil Procedure provide that, outside of the window for matter-of-course amendments, parties require the court's leave or the opposing party consent to amend a pleading. Fed. R. Civ. Proc. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Ninth Circuit additionally instructs courts that the "policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation modified). When denying leave to amend, courts should consider factors such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, once a pretrial scheduling order has been filed pursuant to Federal Rule of Civil Procedure 16, courts impose a good cause standard on motions to amend. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*.

## III.    Discussion.

Plaintiffs present two arguments that Defendants Scottsdale and K&K should not be allowed to amend their answer. First, Plaintiffs argue that Defendants have not shown the

necessary diligence required by Rule 16(b) for amending the Court's scheduling order so that Defendants may amend their affirmative defenses. (ECF No. 84 at 1). Second, Plaintiffs argue that, even if Defendants had shown such diligence, the new affirmative defense of collusion Defendants wish to add is futile, and therefore the Court should deny leave to amend. (*Id.*).

### A. Whether Defendants have shown good cause to amend the scheduling order.

For Defendants to meet the good cause standard, they must show that they were diligent in seeking the amendment. *Johnson*, 975 F.2d at 609. The discovery of new information alone is sufficient for a court to find good cause to amend. *See Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 525 F. Supp. 3d 1269, 1279 (D. Nev. 2021); *Neighborhood Assistance Corp. of Am. v. First One Lending Corp.*, No. SA CV 12-0463-DOC-(MLGx), 2013 WL 44567, at *1 (C.D. Cal. Jan. 3, 2013). The operative question is then whether Defendants knew or should have known, prior to Plaintiff's disclosure on February 21, 2025, enough factual details to sufficiently plead with particularity the affirmative defense of collusion in accordance with the heightened standard of pleading in Rule 9.[1] *See* Fed. R. Civ. P. 9(b).

Once a party is in possession of relevant information, courts give varying but generally liberal amounts of time for that party to bring motions or other matters before the court which rely upon that information. *See City of Grass Valley v. Newmont Mining Corp.*, No. 2:04-cv-149-GEB-DAD, 2007 WL 1395312, at *4 (E.D. Cal. May 10, 2007) (finding party who brought motion two months after learning new information was diligent); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (finding party who brought motion three months after learning new information was diligent). Defendants argue that they could not reasonably have pleaded this defense with any particularity prior to receiving the discovery in February. (ECF No. 80 at 17-18). Plaintiffs contend that the "new information" which the Defendants point

---

[1] Rule 9 is the controlling pleading standard as collusion is a form of fraud. *See, e.g., FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1160 (9th Cir. 1984); *Collusion*, Black's Law Dictionary (12th ed. 2024).

to as grounds for amendment was in fact publicly available, or previously disclosed. (ECF No. 84 at 9-10).

Defendants' arguments are more convincing. Defendants would not have been able to provide the specificity necessary to present a fraud/collusion affirmative defense, in accordance with the requirements of Rule 9(b), with only the public information from the state-court action hearing transcripts and the settlement agreement details. A settlement agreement is not inherently suspicious, and the Court has not found any authority imposing a positive duty on Defendants to investigate a settlement for signs that they have been defrauded. Whether or not Defendants will ultimately prevail on this theory is irrelevant to the diligence analysis. For the purposes of the Court's Rule 16(b) analysis, the only inquest the Court makes is whether this new information is sufficient to show good cause and so to allow amendment. As Defendants claim that they received the allegedly incriminating information on February 21, 2025, the Court does not find that Defendants' delay of approximately two months in filing this motion for leave to amend their answer is a transgressive lack of diligence.

### B. Whether Plaintiffs have shown that the Court should not grant Defendants leave to amend.

Plaintiffs additionally argue that, even if Defendants can show good cause for leave to amend, the affirmative defense should nevertheless be barred on futility grounds. (ECF No. 84 at 12). "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The "party opposing amendment bears the burden of showing prejudice" or otherwise why the amendment should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also United States ex rel. Source Helicopters v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) (the "party

1  opposing the amendment carries the burden of showing why leave to amend should not be
2  granted.").

3  An amendment is futile only if no set of facts can be proved under the amendment that
4  would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th
5  Cir. 1988). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356
6  F.3d 1067, 1077 (9th Cir. 2004). However, "[d]enial of leave to amend on [futility grounds] is
7  rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed
8  amended pleading until after leave to amend is granted and the amended pleading is filed."
9  *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018
10 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring
11 ruling on the sufficiency of the allegations is preferred in light of the more liberal standards
12 applicable to motions to amend and the fact that the parties' arguments are better developed
13 through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

14 Here, it is not clear that Defendants cannot prove a set of facts that would constitute a
15 valid claim of collusion. Defendants' collusion claim is therefore not clearly futile. Plaintiffs
16 have not argued for the presence of any of the factors enumerated in *Corinthian Colls.* – bad faith,
17 prejudice, or previous amendments – which would otherwise constitute grounds to deny leave to
18 amend. And the Court has already found that Defendants did not unduly delay. Because futility
19 arguments are better raised through a motion, rather than in response to Defendants' motion to
20 amend which the Court analyzes with a more liberal standard, the Court will grant Defendants'
21 motion to amend.
22 ///
23 //
24 //
25 //
26 //
27 //
28 ///

**IT IS THEREFORE ORDERED** that Defendants Scottsdale and K&K's motion to amend (ECF No. 80) is **granted.**  Defendants must file and serve the amended pleading as required by Local Rule 15-1(b).

DATED: July 23, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE