# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

City Boxing Club, et al.,

      Plaintiffs

v.

USA Boxing, Inc., et al.,

      Defendants

Case No.: 2:23-cv-00708-JAD-DJA

**Order Overruling Plaintiffs' Objections and Affirming Magistrate Judge Discovery Order**

[ECF No. 102]

An amateur boxer was catastrophically injured during a match that took place at a City Boxing Club in Las Vegas, Nevada. The boxer and his family sued and won millions of dollars in damages after the state court entered default judgment against City Boxing. City Boxing tendered a claim to its insurance companies, K&K Insurance Group and Scottsdale Insurance Company (collectively, "Scottsdale"), which denied the claim after retaining counsel to help assess coverage.

City Boxing sought discovery related to coverage counsel's involvement in assessing the claim, but Scottsdale objected and asserted that attorney-client privilege protected that information from disclosure. City Boxing moved to compel, arguing that Scottsdale put coverage counsel's actions at issue when its expert opined that Scottsdale's investigation was reasonable in part because it retained counsel to assist the insurance adjusters. The magistrate judge denied that motion, finding that Scottsdale had not waived its attorney-client privilege.

City Boxing objects to the magistrate judge's order. It insists that Scottsdale put coverage counsel's advice and work product at issue and thus waived privilege. Scottsdale responds that the magistrate judge correctly applied Nevada's strict test for assessing waiver.

Because the magistrate judge's ruling was not clearly erroneous or contrary to law, I overrule City Boxing's objections and affirm that ruling.

**Discussion**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[1]  This standard of review "is significantly deferential" to the magistrate judge's determination.[2]  A district court can overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[3] or a relevant statute, law, or rule has been omitted or misapplied.[4]

City Boxing seeks disclosure of communications and documents and a deposition of Scottsdale's coverage counsel, Lisa Lampkin.[5]  During depositions of Scottsdale's adjusters and claim handlers, City Boxing learned that Lampkin was involved in the insurer's decision to deny coverage.[6]  And, though Scottsdale repeatedly assured City Boxing that it was not asserting an advice-of-counsel defense, its expert Timothy Walker opined that Scottsdale's actions in this case were reasonable because it retained the services of coverage counsel.[7]  City Boxing

---

[1] L.R. IB 3-1(a).

[2] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for So. Cal.*, 508 U.S. 602, 623 (1993).

[3] *Id.* (internal quotation marks omitted).

[4] *See Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[5] *See* ECF No. 87 (City Boxing's motion to compel).

[6] *See* ECF No. 102 at 3–6.

[7] *Id.* at 7–11.

contends that Scottsdale has asserted the advice-of-counsel defense in all but name only and contends that Scottsdale has waived attorney-client privilege by doing so.[8]

The magistrate judge denied City Boxing's motion to compel, finding that Scottsdale hadn't waived attorney-client privilege under Nevada law.[9]  Though he acknowledged that it was a close call, he determined that Scottsdale was not asserting an advice-of-counsel defense and that its expert could not waive Scottsdale's privilege by opining that the act of retaining counsel was reasonable.[10]  City Boxing objects, regurgitating the same arguments it raised in its original motion to compel.[11]

I find that the magistrate judge's ruling was not clearly erroneous or contrary to law. Nevada law controls issues of attorney-client privilege in this diversity action.[12]  In *Wardleigh v. Second Judicial District Court*, the Nevada Supreme Court acknowledged that "it has become a well-accepted component of waiver doctrine that a party waives his privilege if he affirmatively pleads a claim or defense that places at-issue the subject matter of privileged material over which he has control."[13]  "In other words, [if] a party seeks an advantage in litigation by revealing part of a privileged communication, the party [must] be deemed to have waived the entire attorney-client privilege as it relates to the subject matter of that which was partially disclosed."[14]  And in *Wynn Resorts, Limited v. Eighth Judicial District Court*, the Nevada Supreme Court clarified that

---

[8] *Id.*

[9] ECF No. 101 at 39:13–14.

[10] *Id.* at 37:1–23.

[11] ECF No. 102.

[12] *KL Grp. v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987).

[13] *Wardleigh v. Second Jud. Dist. Ct.*, 891 P.2d 1180, 1186 (Nev. 1995) (cleaned up).

[14] *Id.*

a party waives privilege only if it attempts to prove its claim or defense by disclosing the substance of a privileged document.[15]  "A denial of bad faith or an assertion of good faith alone is not an implied waiver of the privilege"—"a client only waives the attorney-client privilege by expressly or impliedly injecting his attorney's advice into the case."[16]

Though, as the magistrate judge acknowledged, Scottsdale is walking a thin line that inches dangerously close to asserting an advice-of-counsel defense in all but name, it has established that it will not be using or referencing any attorney-client-privileged documents or communications to assert that its denial position was reasonable because it relied on the advice of counsel.  The adjusters in this case testified that, although they discussed coverage issues with Lampkin, they independently made the final coverage decisions.  Under *Wardlaw* and *Wynn*, the mere fact that Scottsdale retained counsel to provide coverage advice and that some adjusters acknowledged Lampkin's role during depositions does not amount to "injecting [the] attorney's advice" into this case.

The fact that Scottsdale's expert opined that Scottsdale's actions were reasonable because it retained counsel also does not waive Scottsdale's privilege.  "The power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors."[17]  City Boxing has not cited any authority suggesting that an expert can waive privilege on behalf of a corporation through expert opinion, and this court cannot find

---

[15] *Wynn Resorts, Ltd. v. Eighth Jud. Dist. Ct.*, 399 P.3d 334, 380 (Nev. 2017) ("If the substance of one privileged document is disclosed, the privilege is considered waived as to all documents relating to that subject matter.  However, testimony that the communications occurred, without disclosing the subject matter, does not render the privilege waived." (internal citations omitted)).

[16] *Id.* (cleaned up).

[17] *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985) (cited with approval by *Las Vegas Sands v. Eighth Jud. Dist. Ct.*, 331 P.3d 905, 910 (Nev. 2014)).

any either.  So I cannot conclude that the magistrate judge's determination that Walker's opinions did not waive Scottsdale's privilege is clearly erroneous or contrary to law.  Because Scottsdale has not waived privilege under Nevada law, I overrule City Boxing's objections and affirm the magistrate judge's ruling.[18]

**Conclusion**

IT IS THEREFORE ORDERED that City Boxing's objection to the magistrate judge's ruling **[ECF No. 102] is OVERRULED**.  The magistrate judge's order denying City Boxing's motion to compel Scottsdale's attorney-client-privileged documents and communications **[ECF No. 101] is AFFIRMED.**

_____

U.S. District Judge Jennifer A. Dorsey
December 31, 2025

---

[18] This ruling does not preclude City Boxing from moving in limine to exclude Walker's counsel-related opinions at trial.