**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

City Boxing Club, et al.,

Plaintiffs

v.

USA Boxing, Inc., et al.,

Defendants

Case No.: 2:23-cv-00708-JAD-DJA

**Order Overruling Objections and Awarding Costs**

[ECF Nos. 149, 150, 151, 152]

In July 2026, I granted defendants Scottdale Insurance Company, K&K Insurance Group, Inc., and USA Boxing, Inc's motions for summary judgment and entered judgment in their favor.[1] The defendants now seek reimbursement of the costs they incurred for deposition transcripts. Scottsdale and K&K seek $16,178.65,[2] and USA Boxing seeks $9,818.10.[3] Plaintiff City Boxing Club objects to portions of those costs.[4] I find that the defendants' costs are taxable under 8 U.S.C. § 1920 and this district's local rules, so I overrule City Boxing's objections and award the requested costs.

**Discussion**

**A. City Boxing's objections to Scottsdale and K&K's costs are overruled.**

Scottsdale and K&K seek $16,178.65 in costs incurred for copies of sixteen deposition transcripts and two videotaped depositions, plus $402 for clerk fees.[5] City Boxing objects to four of those transcripts: three because they were not used in this case and one because

[1] ECF Nos. 147, 148.

[2] ECF No. 149.

[3] ECF No. 150.

[4] ECF Nos. 151, 152.

[5] ECF No. 149 at 1.

Scottsdale paid more for an expedited transcript without explaining why that rush was necessary.[6] 28 U.S.C. § 1920(2) permits the recovery of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]"[7] Courts generally agree that "actual introduction or admission into evidence at trial is not a prerequisite" for awarding transcript costs, and "the determination of necessity is made in light of the facts known at the time of the deposition."[8]

I find City Boxing's objections unpersuasive. Two of the transcripts at issue were for the deposition of Charles Miller, City Boxing's retained expert. At the time of the deposition, it's reasonable to conclude that Scottsdale and K&K found ordering those transcripts necessary to prepare its defense. The third was for a transcript of City Boxing's deposition of Christopher Baker, a Scottsdale employee, under Federal Rule of Civil Procedure 30(b)(6). It was reasonable to order that transcript at the time of the deposition in preparation for the witness's anticipated trial testimony and potential use in dispositive-motion practice.

City Boxing's contention that an expedited transcript for witness David Churchill was unnecessary also lacks merit. That deposition was taken on September 18, 2025, after several delays due to the witness's availability issues.[9] The dispositive-motion deadline was October 6, 2026, and with a standard transcript turnaround time of fourteen days, Scottsdale and K&K would not have been able to use that transcript in the dispositive motions. So I find the

---

[6] ECF No. 151.

[7] 28 U.S.C. § 1920(2).

[8] *Women's Fed. Sav. and Loan Ass'n of Cleveland v. Nev. Nat'l Bank*, 108 F.R.D. 396, 398 (D. Nev. 1985) (first citing *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985), then citing *Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*, 88 F.R.D. 588, 592 (E.D. Va. 1980)); *see also Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Ore. 1995).

[9] *See* ECF No. 154 at 7.

expedited transcript is reasonable, was necessary for use in the case, and can be taxed. And because City Boxing does not object to any of Scottsdale and K&K's other costs, they are entitled to the entirety of the costs they seek.

**B. City Boxing's objections to USA Boxing's costs are overruled.**

USA Boxing seeks $9,818.10 in costs for twelve deposition transcripts.[10] City Boxing objects to USA Boxing's bill of costs in its entirety.[11] It contends that USA Boxing's affidavit supporting its request "merely provides a single conclusory statement that [the transcripts] were necessary: 'each of the deposition transcripts and charged invoiced was reasonably and necessary incurred in defense of the claims brought by [City Boxing].'"[12] City Boxing argues that this single statement does not satisfy Local Rule 54-1's requirement that "a bill of costs must be supported by affidavit and must distinctly set forth each item so that its nature can be readily understood."[13] It also objects to the inclusion of Miller and Baker's transcripts because they were not used in the parties' summary-judgment motions, as well as the expedited transcript for Churchill's deposition.

City Boxing's arguments are again unpersuasive. The costs associated with transcripts for noticed depositions are clearly covered by 28 U.S.C. § 1920 and L.R. 54-1. City Boxing doesn't suggest that nine of those transcripts weren't necessary for use in this case, and USA Boxing's response points to Scottsdale and K&K's affidavit showing that the transcripts of those depositions were used in dispositive and discovery motions throughout this case.[14] I find that

---

[10] ECF No. 150-2.

[11] ECF No. 152.

[12] *Id.* at 2.

[13] L.R. 54-1.

[14] *See* ECF No. 155 at 2.

USA Boxing has sufficiently supported its request for costs associated with those nine depositions. And I reject City Boxing's arguments related to Miller, Baker, and Churchill for the same reasons I rejected them *supra.* I thus award USA Boxing the entirety of its costs.

**Conclusion**

IT IS THEREFORE ORDERED that the plaintiffs' objections to the defendants' bills of costs **[ECF Nos. 151, 152] are OVERRULED**. Scottsdale and K&K's costs **[ECF No. 149] are TAXED against the plaintiffs at $16,178.65**, and USA Boxing, Inc's costs **[ECF No. 150] are TAXED against the plaintiffs at $9,818.10.** The Clerk of Court is directed to ENTER AN AMENDED JUDGMENT reflecting these awards.

U.S. District Judge Jennifer A. Dorsey
November 9, 2026